MARY K. KIMBALL in equity *vs.* WILLIAM A. TATE and others.

Knox. Opinion March 24, 1883.

*Equity. Amendment. Partition of an estate.*

A bill in equity by an heir, who has been evicted of his share of the real estate after partition because of want of title of the deceased thereto, to compel contribution from the other heirs in land or money should include the widow, who has had her dower set off, as a party defendant.

In such a case an amendment was allowed on terms making the widow a party defendant.

AGREED STATEMENT.

Bill in equity. Heard on bill, answer and agreed statement. The opinion states the material facts.

*D. N. Mortland,* for the plaintiff, contended that the bill could be maintained against the other heirs and that the widow had no interest in the question and should not be made a party thereto, though it might perhaps be necessary if the bill sought to recover a distributive share of the personal estate. Stats. 1874, c. 175; 1873, c. 140; R. S., c. 74, § 14; c. 77, § 5; 1 Story's Eq. Jur. 92, 93, 170, 180, 505; *Holyoke* v. *Mayo*, 50 Maine, 385; *Chase* v. *Garvin*, 19 Maine, 211; Story's Eq. Pl. 76, 90, 105, 148, 170, 205, 230.

*Rice and Hall,* for Angeline E. Clifton, one of the defendants, cited: Story's Eq. Pl. § 77; *Hussey* v. *Dole*, 24 Maine, 20; *Morse* v. *Machias W. P. & M. Co.* 42 Maine, 119; *Pierce v. Faunce*, 47 Maine, 507; *Williams* v. *Russell*, 19 Pick. 165.

WALTON, J. This is a bill in equity. It is before the law court on an agreed statement of facts; from which it appears that in making partition of real estate among the heirs of Iddo K. Kimball, late of Rockland, deceased, the commissioners acted under the mistaken belief that a parcel of real estate belonged to the deceased, which subsequent litigation has shown did not; and that this parcel was set out to the plaintiff as a portion of her share of the estate; and the prayer of the plaintiff's bill is that the other heirs may be required to make her such contribution in land or money as will make her share equal to theirs.

In defense it is insisted that the widow of the deceased (Mrs. Mary S. Kimball) should have been made a party to the bill; and the questions submitted to the court are whether the bill can be maintained without making her a party; and, if not, whether the bill can now be amended by making her a party.

Undoubtedly the bill may now be amended by making the widow a party, upon such terms as the court may deem just and proper; and the only remaining question is whether such an amendment is necessary. We think it is. It is admitted that her dower was assigned before making the partition among the heirs, and that, at the time of setting off her dower, the same erroneous belief existed in relation to the parcel of real estate afterward assigned to the plaintiff, as when the partition was made, and that the estimated value of this parcel was taken into account in determining how large her dower estate should be. She has therefore profited by the mistake as well as the other heirs who have been made defendants, and no reason is perceived why she should not be made a co-defendant with them. Beside, the widow administered upon the estate, and it is alleged in defense that in settling her last account she reserved in her hands $417.57, after settling all claims against the estate; and that this sum, so reserved, was intended to be used to compensate the plaintiff for her loss in case she failed to hold the parcel of real estate which had been assigned to her, and in relation to which a dispute had then arisen; and this is urged as an additional reason why the administratrix ought to be made a party. We think it is an additional reason, and a very strong one, why she

should be made a party; for, in this class of cases the court exercises a very large discretion in moulding the remedy to meet the exigencies of the case; and, in this case, it is by no means improbable that the court might decree compensation to the plaintiff from the money of the estate in the administratrix's hands, and thus leave the partition and the assignment of dower undisturbed. But, of course, this can not be done till the administratrix is made a party, and it is ascertained if she has assets in her hands which can be used for the purpose.

The opinion of the court is that Mrs. Mary S. Kimball, widow, and administratrix of the estate of, Iddo K. Kimball, must be made a party to the suit, or the bill be dismissed; and the plaintiff has leave to amend by making her a party, if she moves to do so when the decision of the court is made known to her; and the court reserves the right to impose such terms as it may hereafter deem proper; and if leave thus to amend is not moved for, then the bill is to be dismissed with costs.

*Decree accordingly.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.